DISCIPLINARY COUNSEL *v.* STRANKE.

[Cite as *Disciplinary Counsel v. Stranke,* 110 Ohio St.3d 247, 2006-Ohio-4357.]

(No. 2006–0731—Submitted April 25, 2006—Decided September 6, 2006.)

———————

**Per Curiam.**

{¶ 1} Respondent, Terry Lynn Stranke of Cleveland, Ohio, Attorney Registration No. 0043184, was admitted to the practice of law in Ohio in 1978.

{¶ 2} On October 10, 2005, relator, Disciplinary Counsel, charged respondent with violations of the Code of Professional Responsibility. A panel of the Board of Commissioners on Grievances and Discipline considered the cause on the parties' consent-to-discipline agreement. See Rule 11 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). The panel accepted the agreement and made findings of misconduct and a recommendation, which the board adopted.

## Misconduct

{¶ 3} Respondent maintains his own law practice. From October 2003 to December 22, 2003, respondent was also affiliated with WJW Enterprises ("WJW"), an organization that purported to help customers save their homes from foreclosure. WJW solicited customers against whom foreclosure proceedings had been filed, promising assistance that included, if necessary, hiring counsel to represent customers in bankruptcy. Respondent agreed to a $1,000 weekly fee for his appearances in United States Bankruptcy Court on behalf of WJW customers. WJW paid respondent approximately $5,000 under this arrangement.

{¶ 4} While associated with WJW, respondent was not admitted to practice in the Bankruptcy Court for the Southern District of Ohio. Nevertheless, respondent represented WJW customers Shane and Cheryl Keyton and Etta Caver before that court. Respondent during this time also was not in good standing with the Ohio bar because he had not timely paid his attorney registration fee.

{¶ 5} The Keytons paid WJW for respondent's services, and a WJW employee prepared a bankruptcy petition and other documents to file in court. Respondent signed these papers, including two fee applications. The first indicated that the Keytons had paid him an $800 fee. The second stated the same with regard to Caver, but in her case respondent prepared the papers himself. Respondent did not review these filings with the Keytons or Caver, and he did not detect various errors and omissions. For example, respondent represented in the petitions that he had advised his clients of the different types of bankruptcy prior to filing when, in fact, he did not explain this until after the petitions were filed. In another omission, Caver's petition was filed without her signature.

{¶ 6} In November and December 2003, the bankruptcy court issued notices of deficient filing because respondent had not included the schedules and plans needed for the Chapter 13 bankruptcies sought by the Keytons and Caver. Respondent later also missed a creditors' meeting in each case and did not respond to the bankruptcy trustees' motions to dismiss.

{¶ 7} On May 18, 2004, the court granted the trustee's motion in the Keyton case for sanctions, ordering respondent to pay $200 and to disgorge and turn over his $800 fee. Also on May 18, after a hearing at which Caver. appeared as ordered but respondent did not, the court ordered respondent to pay $200 in the Caver case and to disgorge and turn over his $800 fee. On June 8, 2004, respondent filed affidavits indicating his compliance with the court's orders. The bankruptcy court ultimately dismissed the Keyton bankruptcy case for respondent's failure to respond to the trustee's motion to dismiss, and it appointed new counsel in the Caver bankruptcy.

{¶ 8} Respondent stipulated and the board found that in representing the Keytons and Caver, he had violated DR 1–102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation), 3–101(B) (a lawyer shall not practice law in a jurisdiction where to do so would be in violation of regulations of the profession in that jurisdiction), and 6–101(A)(3) (a lawyer shall not neglect a legal matter entrusted to him). Also with respect to the Keytons, respondent stipulated and the board found a violation of DR 3–102(A) (a lawyer shall not share legal fees with a nonlawyer).

### Recommended Sanction

{¶ 9} In recommending a sanction for respondent's misconduct, the board weighed the stipulated mitigating and aggravating factors of his case. See BCGD Proc.Reg. 10. In mitigation, the board found that respondent had no prior record of professional discipline, had not acted out of dishonesty or selfishness, had made timely and good faith efforts to pay sanctions and to disgorge funds as ordered, and had cooperated in the disciplinary proceedings. BCGD Proc.Reg. 10(B)(2)(a) through (d). In aggravation, the board found that respondent had committed multiple offenses. BCGD Proc.Reg. 10(B)(1)(d).

{¶ 10} The parties advocated that respondent be suspended from the practice of law for six months. Adopting the panel's report, the board recommended a six-month suspension.

### Review

{¶ 11} We adopt the board's findings that respondent violated DR 1–102(A)(4), 3–101(B), 3–102(A), and 6–101(A)(3). We also find a six-month suspension appropriate.

{¶ 12} Respondent is therefore suspended from the practice of law in Ohio for six months. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

Jonathan E. Coughlan, Disciplinary Counsel, and Stacy Solochek Beckman, Assistant Disciplinary Counsel, for relator.

Timothy T. Brick, J. Colin Knisely, and Jeremy C. Cheung, for respondent.